UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB Y. SHIMON, individually, and on behalf of other similarly-situated consumers,<br><br>      Plaintiff,<br><br>  vs.<br><br><br><br>EQUIFAX INFORMATION SERVICES LLC.<br><br>      Defendant. | Case No.:<br><br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Jacob Y. Shimon (hereinafter "Plaintiff" or "Shimon"), alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Brooklyn, New York.

5. Defendant Equifax Information Services, LLC. ("Equifax") is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15

1

U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

6. On or about March 2013, a debt collector named Asset Acceptance LLC obtained a civil judgment against Plaintiff, CV 02310712KI, in the Civil Court of New York, Kings County.

7. On December 10, 2013, as a result of Plaintiff's Order to Show Cause, the judgment was vacated.

8. Although the judgment had been vacated, Equifax continued to credit report the judgment for a number of years.

9. Upon information and belief, Plaintiff first disputed the judgment with Equifax on May 2014, where he provided Equifax with an Order from the court dismissing the case without prejudice. Plaintiff again disputed the judgment on a number of occasions in 2016 between January and September.

10. Plaintiff's disputes fell on deaf ears; Equifax refused to remove the judgment from Plaintiff's credit report. Instead, rather than investigate Plaintiff's dispute and remove the judgment, in response to Plaintiff's disputes, Equifax began marking the judgment as Satisfied.

11. The status of Satisfied was erroneous in Plaintiff's case. A vacated judgment should be removed from the credit report completely, whereas a "Satisfied" judgment negatively effects the consumer's credit score for years to come.

12. Upon information and belief, it is Equifax's internal policy to mark any disputed judgment as "Satisfied" regardless of whether the judgment has been vacated, remains unsatisfied, or is in fact satisfied. In other words, Equifax fails to reinvestigate public records disputes. This internal

policy demonstrates a willful disregard for consumer rights, and is in direct contravention to the requirements imposed on credit reporting agencies by the Fair Credit Reporting Act.

13. Having unsuccessfully disputed his judgment, Plaintiff requested Equifax's method of verification in April, June, and August 2016, pursuant to 5 U.S.C. § 1681i(a)(6) and (7).

14. In response to Plaintiff's requests for its method of verification, Equifax stated in its reinvestigation letter: "Public Record Information (This section includes public record items obtained from local, state and federal courts)."

15. Just below this, the letter states "we have reviewed the judgment information…If you have additional questions please contact "**Cvc of The, 141 Livingston St. Brooklyn, NY 11201-5120 Phone: (347) 404-9123**."

16. This address and phone number belong to Kings County Civil Court. However, contrary to Equifax's representation that it obtained these records from the "local courts" and it reviewed and verified this information with the Kings County Civil Court, Equifax never directly contacted the Court in response to Plaintiff's dispute.

17. In truth, Equifax obtains all its public records information from third party vendors/furnishers such as LexisNexis Risk Data Retrieval Services, LLC while misleading the consumer into believing that it has conducted a review with the courts.

18. As is evident from Exhibits A and B, Defendant has created a form letter which is specifically used to misinform consumers concerning where Equifax gets its information, and how it verifies the information is accurate, in woeful disregard of its FCRA obligations.

19. In fact, Equifax has repeatedly been sued for said conduct: *Summerfield v. Equifax Information Services, Inc*. Civil Action No. 08-1450 (District of New Jersey); *Chakejian v. Equifax Information Services, Inc.*, Civil Action No. 07-cv-2211 (Eastern District of Pennsylvania); *Jenkins v. Equifax Information Services, Inc.* Civil Action No. 3:15-cv-443 (Eastern District of Virginia);

*Merz v. Equifax Information Services, Inc.*, Civil Action No. 3:16-cv-00259 (District of New Jersey).

## CLASS ACTION ALLEGATIONS

### The Classes

20. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

21. Plaintiff seeks certification of the following classes, initially defined as follows:

   a. (i) All consumers that had a civil court judgment recorded in the State of New York; (ii) with said civil court judgment appearing on an Equifax credit report (iii) indicating that the judgment had been satisfied, (iv) while the civil court record indicated that the judgment had been vacated at least thirty (30) days prior to the date of the Equifax credit report, (v) within two years of January 10, 2018.

   b. (i) All consumers that had a civil court judgment recorded in the State of New York; (ii) said civil court judgment appearing on an Equifax credit report (iii) indicating that the judgment had been satisfied, (iv) while the civil court record indicated that the judgment had been vacated at least thirty (30) days prior to the date of the Equifax credit report, (v) where the consumer disputed the judgment, (vi) after which Equifax continued credit reporting information concerning the judgment, (vii) within two years of January 10, 2018.

   c. (i) All consumers within the State of New York, (ii) who disputed a public record line item on an Equifax credit report, and (iii) to whom Equifax provided a response that did not clearly and accurately disclose the source of the public record information (iv) within two years of January 10, 2018.

   d. (i) All consumers within the State of New York, (ii) who disputed a line item reported on a Equifax credit report as the result of a public record, and (iii) to whom Equifax provided a response verifying the information as accurate, (iv) who then submitted a request for Equifax's method of verification, and (v) in response, Equifax did not clearly and accurately disclose the source of the public record information, (vi) within two years of January 10, 2018.

22. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

4

### Numerosity

23. Upon information and belief, Defendant has updated judgments to inaccurately reflect satisfied on hundreds if not thousands of consumers throughout New York, each of which violates the FCRA. Similarly, Plaintiff believes Defendant sent reinvestigation letters which fail to disclose the source of the information, to hundreds if not thousands of New York consumers. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

25. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

26. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of Plaintiff's Classes defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical

of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### **Protecting the Interests of the Class Members**

27. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

29. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

30. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages.

36. Defendant has acted, and will act, on grounds generally applicable to each Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

37. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

39. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

40. Specifically, despite Plaintiff's judgment being vacated, Equifax continued credit reporting information concerning Plaintiff's judgment. Had Equifax maintained reasonable procedures, it would have determined that the judgment had been vacated and removed it from the credit report.

41. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

42. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i

43. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

44. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

45. Section 1681i(a)(2) of the FCRA requires that before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

46. Section 1681i(a)(2) of the FCRA further requires that the consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the

period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

47. Section 1681i(a)(6)(B) requires credit reporting agencies to provide, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

48. Equifax violated each of the forgoing provisions of the FCRA by (1) failing to provide notification within the requisite period of time to the furnisher of the information which appeared on Plaintiff's credit report, (2) failing to provide the furnisher with the requisite information, as required by the FCRA, and (3) misrepresenting the name and address of the actual furnisher contacted in connection with the requested information.

49. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681g

50. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

51. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

9

52.     Section 1681g(a)(2) of the FCRA requires credit reporting agencies, upon request, to clearly and accurately disclose to the consumer the sources of their information.

53.     Plaintiff clearly requested said information.

54.     In its response to Plaintiff's request, Equifax falsely misrepresented that it obtained information concerning his judgment from the Kings County Civil Court. By misrepresenting the source from which Equifax obtains public records information, Equifax violated Section 1681g(a)(2).

55.     Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jacob Shimon, respectfully requests that this Court do the following for his benefit:

   A.   Certify the classes described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

   B.   Enter judgment against Defendant for statutory, actual, and punitive damages, for Plaintiff and each member of the class;

   C.   Award costs and reasonable attorneys' fees;

   D.   Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 17th of May 2018.

                                          Respectfully Submitted,

                                          */s/ Daniel Zemel*
                                          Daniel Zemel (DZ9899)
                                          Elizabeth Apostola (EA0423)
                                          **Zemel Law LLC**
                                          1373 Broad Street, Suite 203-C
                                          Clifton, New Jersey 07013
                                          Phone:  (862) 227-3106
                                          dz@zemellawllc.com
                                          Attorneys for Plaintiff, Jacob Y. Shimon